IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY MICHAEL TOMPKINS,

                                                 ORDER

        Petitioner,

                                              08-cv-155-bbc

    v.

RANDALL HEPP, Warden, JODI DOUGHERTY,
Inmate Complaint Examiner, TOM GOZINSKE,
Corrections Complaint Examiner, AMY SMITH,
Office of the Secretary and STEVEN DOUGHERTY,
Quarry Unit Manager at JCI,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief brought under 42 U.S.C. § 1983, petitioner Anthony Michael Tompkins contends that defendants Randall Hepp, Jodi Dougherty, Tom Gozinske, Amy Smith and Stephen Dougherty violated his rights under the Fourteenth Amendment equal protection clause, the Declaration of Independence and the Equal Pay Act of 1963 by refusing to pay him for his time in a "pre-release program" where he works in the maintenance unit. Petitioner requests leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915. He has made the initial partial payment required under the statute.

In addressing any pro se litigant's complaint, the court must read the allegations of

1

the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit (except under specific circumstances that do not exist here), or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2).

Because petitioner has failed to overcome the presumption of rationality given to government action with respect to unequal treatment, he fails to state an equal protection claim against respondents. Moreover, petitioner's claims asserting violations of the Declaration of Independence and the Equal Pay Act of 1963 are legally frivolous. Therefore, petitioner will be denied leave to proceed in forma pauperis.

From petitioner's complaint I draw the following allegations of fact.

ALLEGATIONS OF FACT

Petitioner Anthony Michael Tompkins is a prisoner at the Jackson Correctional Institution. Respondent Randall Hepp is the Warden, respondent Jodi Dougherty is an inmate complaint examiner and respondent Steven Dougherty is a quarry unit manager. All are employed at the Jackson Correctional Institution. Respondent Tom Gozinske is a

corrections complaint examiner in Madison and respondent Amy Smith is an officer of the secretary of the Department of Corrections.

Petitioner participates in a "pre-release program" at the Jackson Correctional Institution. However, he has not been paid for participating in the program because he works in the maintenance department. If petitioner had a "unit job" he would be paid.

On January 22, 2008, petitioner filed a complaint concerning his lack of pay for his work in the maintenance department. Respondent Jodi Dougherty recommended dismissal of his complaint on January 29, 2008. That same day, respondent Hepp dismissed the complaint. Plaintiff appealed the decision to respondent Gozinske, who recommended dismissal of the appeal on February 4, 2008 without an investigation. On February 14, 2008, respondent Smith dismissed the appeal.

OPINION

Petitioner contends that he was discriminated against in violation of the equal protection clause of the Fourteenth Amendment because he was not paid for his work in the maintenance department while prisoners doing "unit jobs" are paid. The equal protection clause does not require the government to treat everyone exactly the same regardless of the circumstances. Normally, different treatment is permissible so long as there is a rational basis for it. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 440 (1985);

3

see also May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest.") Petitioner does not suggest that respondents are treating him differently for a reason that would require more than a rational basis to survive constitutional scrutiny.

Under the rational basis standard, "courts presume the constitutionality of the government's classification and it will not be set aside if any state of facts reasonably may be conceived to justify it." Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir. 1992) (citations omitted). To state an equal protection claim governed by rational basis review, petitioner's factual allegations must suggest some basis "sufficient to overcome the presumption of rationality that applies to government classifications." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (quoting Wroblewski, 965 F.2d at 460). If a rational basis for the government's actions remains "conceivable and plausible" in the face of petitioner's allegations, petitioner's equal protection claim should be dismissed for failure to state a claim. Id. Petitioner's allegations do not overcome the presumption of rationality. Simply alleging that maintenance workers are not paid while unit job workers are does not itself suggest that there could be no rational basis for this distinction and therefore fails to overcome the presumption of rationality afforded to government action. Accordingly, petitioner will be denied leave to proceed on

4

his equal protection claim.

Next, petitioner contends that his right to a paying job is secured by the Declaration of Independence, which states that "all men are created equal." However, § 1983 does not allow causes of actions for infringements of statements made in the Declaration of Independence, but only "rights, privileges, or immunities secured by the Constitution and laws." No cause of action exists for "infringement" of the Declaration of Independence.

Finally, petitioner points to the Equal Pay Act of 1963 for the proposition that he is entitled to "equal pay when equal work is involved" and suggesting that the work in the "unit jobs" and the maintenance departments are equal. However, the Equal Pay Act, codified at 29 U.S.C. § 206(d) concerns discrimination based on sex, which petitioner does not allege. Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991) (Equal Pay Act addresses sex-based discrimination). Moreover, petitioner is a prisoner apparently "employed" for the prison; under the Equal Pay Act, he is not considered an "employee" of the prison and cannot pursue an Equal Pay Act claim. Id. (Under Equal Pay Act, prisoner not "employee" of prison for which he works).

Because petitioner's complaint fails to state an equal protection claim and asserts frivolous claims under the Declaration of Independence and the Equal Pay Act, petitioner will be denied leave to proceed in forma pauperis.

5

ORDER

IT IS ORDERED that:

1. Petitioner Anthony Michael Tompkins's request for leave to proceed in forma pauperis on his claim that respondents Randall Hepp, Jodi Dougherty, Tom Gozinske, Amy Smith and Stephen Dougherty violated his rights under the Fourteenth Amendment equal protection clause, the Declaration of Independence and the Equal Pay Act of 1963 by refusing to pay him for his work in a pre-release program is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state claim upon which relief may be granted;

2. The unpaid balance of petitioner's filing fee is $330.34; this amount is to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2);

3. A strike will be recorded against petitioner pursuant to § 1915(g); and

4. The clerk of court is directed to close the file.

Entered this 5th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6